1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
            apersinger@bursor.com
            ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AARON CONCHA, on Behalf of Himself and all Others Similarly Situated,<br><br>                                    Plaintiff,<br><br>        v.<br><br>CREDIT ONE BANK, N.A., CREDIT ONE FINANCIAL, and SHERMAN FINANCIAL GROUP, LLC,<br><br>                                    Defendants. | Case No.   **'16 CV 1009 BEN RBB**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Aaron Concha ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to his own actions are based on personal knowledge.

### NATURE OF THE ACTION

1.    Between December 2015 and February 2016, Credit One Bank, N.A., Credit One Financial, and Sherman Financial Group, LLC (collectively "Defendants") repeatedly called Plaintiff on his cellular telephone using an autodialer and/or an artificial or prerecorded voice.  Mr. Concha estimates that he received in excess of 25 calls from Defendants.  Defendants' calls were harassing and abusive.  For example, on December 23, 2015, Defendants called Mr. Concha seven times in the span of about five hours. On February 24, 2016, Defendants called Plaintiff five times within the span of about two hours.  Mr. Concha did not give Defendants prior express written consent to make these calls, and in fact repeatedly requested that Defendants stop calling. Defendants' calls continued despite Mr. Concha's requests.

2.    The following chart details 14 of Defendants' calls to Mr. Concha:

| Date | Time | Number Calling |
| --- | --- | --- |
| 12/2/15 | 3:50 PM | (610) 297-8667 |
| 12/2/15 | 4:28 PM | (610) 297-8667 |
| 12/23/15 | 10:23 AM | (610) 297-8667 |
| 12/23/15 | 11:13 AM | (610) 297-8667 |
| 12/23/15 | 11:54 AM | (610) 297-8667 |
| 12/23/15 | 1:41 PM | (610) 297-8667 |
| 12/23/15 | 3:06 PM | (610) 297-8667 |
| 12/23/15 | 3:06 PM | (888) 224-5557 |
| 12/23/15 | 3:41 PM | (888) 224-5557 |
| 2/24/16 | 11:54 AM | (580) 559-8970 |
| 2/24/16 | 11:58 AM | (580) 559-8970 |
| 2/24/16 | 1:09 PM | (580) 559-8970 |
| 2/24/16 | 2:04 PM | (580) 559-8970 |
| 2/24/16 | 2:04 PM | (580) 559-8970 |

3.    Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendants in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

4.    Plaintiff also brings this action for Defendants' violations of California's Rosenthal Fair Debt Collection Practices Act, Civil Code 1788 *et seq.* (hereinafter, the "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts.  Plaintiff alleges that Defendants engaged in a campaign of harassment in an attempt to coerce payment of a consumer debt.

## PARTIES

5.    Plaintiff Aaron Concha is, and at all times mentioned herein was, a resident of San Diego, California and a citizen of the State of California.

6.    Defendant Credit One Bank, N.A.  is a U.S. based bank specializing in credit cards. Credit One Bank, N.A. services approximately 6 million cardholders across the United States. Its principal place of business is located at 585 Pilot Road, Las Vegas, NV, 89119.  Defendant is a debt collector as defined by Cal. Civ. Code § 1788.2(c).  At all times material to this Complaint, acting alone or in concert with other Defendants, Credit One Bank, N.A. formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint.

7.    Defendant Credit One Financial is a Nevada corporation with its principal place of business located at 585 Pilot Road, Las Vegas, NV, 89119.  Defendant is a debt collector as defined by Cal. Civ. Code § 1788.2(c).  At all times material to this Complaint, acting alone or in concert with other Defendants, Credit One Bank, N.A. formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint.

8.    Defendant Sherman Financial Group, LLC is a Delaware company with its principal place of business located at 200 Meeting Street, Charleston, SC29401.  Through its subsidiaries,

Sherman Financial Group, LLC originates, purchases, and services consumer debt throughout the United States.  Defendant is a debt collector as defined by Cal. Civ. Code § 1788.2(c).  At all times material to this Complaint, acting alone or in concert with other Defendants, Credit One Bank, N.A. formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendants; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

10.     This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.  This Court has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

11.     Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants transact significant business within this District, Plaintiff resides within this District, and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

A.     **The Telephone Consumer Protection Act Of 1991**

12.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

13.     Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

14.     According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

15.     The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.     California's Rosenthal Fair Debt Collection Practices Act**

16.     California's Rosenthal Fair Debt Collection Practices Act was enacted to eliminate abusive practices in the collection of consumer debt and to promote fair debt collection.

17.     Among other things, the RFDCPA prohibits debt collectors from "[c]ommunicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."  Violations of Cal. Civ. Code § 1788 include "[c]ausing a telephone to ring repeatedly or continuously to annoy the person called," calling before 8:00 a.m. or after 9:00 p.m., failing to cease communication upon request, threatening arrest or legal action, using abusive or profane language, misrepresenting the debt, and using deceit to collect debt.

**C.     Defendants' Robocalls to Plaintiff and Class Members**

18.     Defendants called Mr. Concha at least 25 times on his cellular telephone using an autodialer and/or an artificial or prerecorded voice.  Plaintiff did not give Defendants prior express written consent to make these calls.

19.     Defendants' calls to Mr. Concha were made with such frequency as to constitute harassment.  For example, on December 23, 2015, Defendants called Mr. Concha seven times in the span of about five hours. On February 24, 2016, Defendants called Plaintiff five times within the span of about two hours.

20.     Plaintiff asked Defendants to stop calling on multiple occasions.  Defendants' calls continued despite Plaintiff's requests.

21.     Online consumer complaints regarding Defendants' unsolicited robocalls and autodialed calls are abundant:

- "It's Credit One Bank that's calling. I don't have an account with this bank however they still call from different numbers with various [area] codes all over the U.S.  I think it's ingenious that they have access to these many landline phone numbers.  It's an excellent way to get in touch with the person or persons they're looking for. However, [for] someone like me, it's rather annoying. When they call it is not an actual person on the other end, rather an automated message asking you to hold to speak with someone. A few times I held the line but the call was later terminated. I found out that they have a system that calls approximately 10 numbers at once per agent and whom ever answers the call first, that's who the agent spears with."[1]

- "I got 15 calls in 1 day."[2]

- "Calls every 5 minutes and doesn't leave message."[3]

- "This is Credit One Bank. They are now using a different number because I blocked the other number because they call you every five minutes."[4]

- "Calls every 10 minutes."[5]

- "Called 16 times in 2 days not even an hour apart at times. Just let's it ring 5 or 6 times then hangs up."[6]

- "Calls continuously. Hour upon hour of nothing but harassing calls. Blocking every number they call from. I get calls from them on my cell too!"[7]

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

23.     Plaintiff proposes the following "TCPA Class" definition, subject to amendment as appropriate:

---

[1] http://800notes.com/Phone.aspx/1-610-297-8667
[2] *Id.*
[3] *Id.*
[4] http://800notes.com/Phone.aspx/1-580-559-8970
[5] *Id.*
[6] *Id.*
[7] *Id.*

CLASS ACTION COMPLAINT                                                                          5

All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendants; (d) for whom Defendants had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system or an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

24.     Plaintiff also proposes the following "Rosenthal Act Class" definition:

All persons within the State of California who received harassing, oppressive, or abusive calls from Defendants including (a) repeated calls to annoy or harass, (b) calls at times in violation of curfew, such as before 8:00 a.m. or after 9:00 p.m., (c) threats to take any action that cannot legally be taken, or (d) representations or implications that nonpayment of any debt will result in the arrest or imprisonment of any person.

25.     Plaintiff represents, and is a member of, these proposed classes. Excluded from the proposed classes are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

26.     Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendants' business, and the number of online complaints, that the classes are so numerous that individual joinder would be impracticable.

27.     Plaintiff and all members of the proposed classes have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

28.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendants.

29.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

CLASS ACTION COMPLAINT                                                                6

a.   Whether Defendants made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

b.   Whether Defendants' conduct was knowing and/or willful;

c.   Whether Defendants made harassing, oppressive, or abusive telephone calls;

d.   Whether Defendants are liable for damages, and the amount of such damages, and

e.   Whether Defendants should be enjoined from engaging in such conduct in the future.

30.   As a person who received numerous and repeated calls on his telephone through the use of an automatic telephone dialing system and artificial or prerecorded voice, without his prior express written consent, Plaintiff asserts claims that are typical of each member of the classes. Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

31.   Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

32.   A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendants to comply with the TCPA and Rosenthal Act.  The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA and Rosenthal Act are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

33.   Defendants have acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges

CLASS ACTION COMPLAINT                                                                 7

that the TCPA and Rosenthal Act violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

34.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

35.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

36.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

37.     Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

38.     Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

### SECOND COUNT
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

39.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

40.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

41.     As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

42.     Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

43.     Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

**THIRD COUNT**
**VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code 1788, *et seq.***

44.     Plaintiff incorporates by reference the foregoing paragraphs of his Complaint as if fully stated herein.

45.     The foregoing acts and omissions by Defendants in its illegal attempt to collect a consumer debt constitute numerous unfair, deceptive, and/or unconscionable trade practices, made unlawful pursuant to the California Rosenthal Fair Debt Collections Practices Act, including but not limited to Cal. Civ. Code § 1788.11(d) and (e).

46.     Defendants also violated Cal. Civ. Code § 1788.17, which requires Defendants to comply with all of the provisions of the FDCPA 15 U.S.C. §§ 1692, *et seq.* in all of its collection efforts.

47.     Therefore, Plaintiff and the Rosenthal Act Class are entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendants:

a.  Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

b.  As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

CLASS ACTION COMPLAINT                                                                                    9

c.  As a result of Defendants' violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

d.  An award of damages as permitted by the Rosenthal Act;

e.  An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

f.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

g.  Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  April 25, 2016                            Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: ___*/s/ Annick M. Persinger*___
Annick M. Persinger

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com
           apersinger@bursor.com
           ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113

CLASS ACTION COMPLAINT                                                10

Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*